# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOTTLEHOOD, INC., a California Corporation,<br><br>  Plaintiff,<br><br>  v.<br><br>STEVEN CHERRY,<br><br>  Defendant. | Case No. 12cv01472 BTM (JMA)<br><br>**ORDER RE PLAINTIFF'S REQUEST FOR A TEMPORARY RESTRAINING ORDER** |

In its complaint, filed Friday, June 15, 2012, Plaintiff Bottlehood, Inc. has requested a temporary restraining order ("TRO") that would restrain Defendant Steven Cherry from representing that he owns copyright rights in certain photographs and any other intellectual property rights actually belonging to Plaintiff, and would require two non-party internet companies (BigCommerce.com and Etsy.com) to rescind actions taken in reliance of alleged misrepresentations made by the Defendant. For the reasons set forth below, the Court denies Plaintiff's request for a TRO without prejudice.

Plaintiff has not moved for a TRO; rather, its request for a TRO is contained in the text of its Complaint. The Complaint, however, is not verified, nor is it accompanied by an affidavit establishing the grounds for the requested relief. Pursuant to Rule 65(b)(1),

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; <u>and</u> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).  The failure to comply with the requirements of Rule 65(b)(1) provides an independent basis for denying Plaintiff's request for a TRO.

Moreover, Plaintiff has not established proper grounds for entering a TRO against the two non-party internet companies.  First, Plaintiff has failed to demonstrate that this Court has personal jurisdiction over the internet companies.  See In re Estate of Ferdinand Marcos, 94 F.3d 539, 545 (9th Cir. 1996) (holding that district court must have personal jurisdiction over entity before it can enforce a TRO against that entity); Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800, 802-03 (9th Cir. 2004) (stating that "the plaintiff bears the burden of demonstrating that jurisdiction is appropriate," and setting forth test for specific personal jurisdiction).  Plaintiff's complaint fails to allege personal jurisdiction over either BigCommerce.com (which allegedly is based in Austin, Texas) or Etsy.com (the location of which is unstated in the complaint). (See Doc. 1 at ¶12 (alleging personal jurisdiction over Defendant, a California resident, but failing to allege personal jurisdiction over non-party internet companies).)

Second, Plaintiff has failed to establish that the non-party internet companies are in "active concert or participation" with Defendant, such that they can be bound by a TRO from this Court despite the fact that they are not parties in this case.  See Fed. R. Civ. P. 65(d)(2). The "active concert or participation" requirement is

> derived from the commonlaw doctrine that a decree of injunction not only binds the parties defendant but also those identified with them in interest, in "privity" with them, represented by them or subject to their control. In essence it is that defendants may not nullify a decree by carrying out prohibited acts through aiders and abettors, although they were not parties to the original proceeding.

Regal Knitwear Co. v. N.L.R.B., 324 U.S. 9, 14 (1945); see also Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969) ("It was error to enter the injunction against Hazeltine, without having made [the 'active concert or participation'] determination in a proceeding to which Hazeltine was a party."); Nat'l Spiritual Assembly of Baha'is of U.S. Under Hereditary Guardianship, Inc. v. Nat'l Spiritual Assembly of Baha'is of U.S., Inc., 628 F.3d 837, 848-49 (7th Cir. 2010) (elaborating categories of non-parties subject to TROs

1  pursuant to Rule 65(d)(2)). Plaintiff's failure to establish that the two internet companies
2  were in "active concert or participation" with Defendant constitutes an additional defect in
3  Plaintiff's request for a TRO against the internet companies. See Bobolas v. Does 1-100,
4  No. CV-10-2056, 2010 WL 3923880, at *3 (D. Ariz. Oct. 1, 2010) (denying request for TRO
5  against non-party GoDaddy.com, where defendants allegedly posted defamatory material
6  regarding Plaintiff on GoDaddy.com, but Plaintiff failed to sufficiently allege or provide factual
7  support for fact that GoDaddy.com was in "active concert or participation" with defendants
8  within meaning of Rule 65(d)(2)).

Plaintiff's alleged need for immediate injunctive relief is based on its claim that if the two non-party internet companies do not restore their previously-provided business services before a trade show occurring on June 22-24, Plaintiff will suffer irreparable harm to its business reputation. Since it appears that the irreparable harm forming the basis of Plaintiff's TRO request can be staved off only by an order against the internet companies, Plaintiff's failure to establish that those companies are within either the personal jurisdiction of the court or the scope of the Court's TRO power under Rule 65 constitutes an additional independent basis for denying Plaintiff's TRO request.

For all the reasons set forth above, the Court hereby DENIES Plaintiff's request for a TRO without prejudice.

**IT IS SO ORDERED.**

DATED: June 19, 2012

BARRY TED MOSKOWITZ, Chief Judge
United States District Court